**IN THE UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **DAVID SOBEL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 1:19-cv-08290** |
| **MAJOR ENERGY SERVICES, LLC,** | § | |
| **and SPARK ENERGY, LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

In his three-count Complaint, Plaintiff David Sobel ("Plaintiff" or "Sobel") relies on an employment agreement[1] that belies each of his causes of action against Defendants. First, while Sobel alleges that Defendants breached the employment agreement by not paying him a bonus in the amount of $104,800, the employment agreement states that any bonus to Sobel is discretionary and that he must be an employee to receive a bonus. As pled in the Complaint (¶¶ 17-18), Defendants did *not* pay a bonus to Sobel; he was an at-will employee who was legally terminated.[2] Accordingly, Sobel was not entitled to a bonus payment.

Second Sobel's claims for unjust enrichment and breach of an implied duty of good faith and fair dealing fail because, as evidenced in the Complaint, a contract exists that covers the same subject matter Sobel seeks to address through these duplicative claims.

Sobel's Complaint therefore alleges facts that disallow each claim against Defendants.

---

[1] Plaintiff's January 30, 2017 Employment Agreement is attached as Exhibit A to Plaintiff's Complaint [ECF 1-1].
[2] No cause was necessary for his termination; counterclaims will address some of Sobel's overt misconduct.

# I.   DISMISSAL STANDARD

When a complaint fails to state facts that push each element of a claim from conceivable to plausible, or when it pleads facts that demonstrate without doubt the absence of one or more elements of a cause of action, the complaint must be dismissed.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680, (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   If, as here, the complaint pleads claims that fail as a matter of law—and no amount of factual repleading will change the words of a contract—dismissal should be with prejudice to avoid wasteful litigation on arguments that plainly have no merit.  *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 50 (2d Cir. 1991) (dismissal with prejudice if a plaintiff is "unable to allege any fact sufficient to support its claim").

# II.   ARGUMENT & AUTHORITIES

Sobel's Complaint alleges that (i) he was chief financial officer of Defendant Major Energy Services, LLC ("Major Energy") under an employment agreement signed by Defendant Spark Energy, LLC ("Spark") on behalf of Major Energy, (ii) Spark was planning to pay him a bonus of $104,800 for 2018, and (iii) Spark terminated him on April 16, 2019—without paying him a bonus. Compl. ¶¶ 6-18.  Based on these facts, the Complaint asserts claims for breach of contract, unjust enrichment, and breach of an implied duty of good faith and fair dealing.

### A.   The Complaint Fails to State a Breach of Contract Claim.

The key element of a breach of contract claim is identification of an actual breach of some contractual provision.  Breach is defined as "violation of a contractual obligation by failing to perform one's own promise[.]"  *E. 18th Mgmt. Corp. v. CSC ServiceWorks, Inc.,* No. 18-CV-4068, 2019 WL 2994447, at *6 (E.D.N.Y. July 9, 2019) (quoting Black's Law Dictionary (10th ed. 2014)).  Here, the Complaint identifies no breach by Defendants because Sobel's employment agreement demonstrates there was no contractual promise by Defendants to pay Plaintiff a bonus:

> You will be eligible to participate in Spark's annual bonus program.  Your target bonus will be 50% of your base salary.  **This bonus is discretionary and you must be an active employee at the time of any payout to receive payment**.

Ex. A to Compl. at 1 (emphasis added).  Sobel's breach of contract claim therefore fails for two reasons.  First, Sobel agreed that any potential bonus was **discretionary**; the employment agreement contains no language that guarantees payment of a bonus.  Because there is no promise for a bonus, there is no breach when a bonus is not paid.

Stated another way, "an employee has **no enforceable right** to a bonus under a discretionary bonus plan." *Barber v. Deutsche Bank Sec., Inc.*, 938 N.Y.S.2d 225 (Sup. Ct. 2011), *aff'd*, 103 A.D.3d 512, 961 N.Y.S.2d 39 (2013) (citing *Brennan v. JP Morgan Secs., Inc.,* 2004 WL 3314910, at *2 (N.Y. Sup Ct Aug 31, 2004)); *see also Namad v. Salomon Inc.*, 543 N.E.2d 722, 723 (N.Y. 1989) (dismissing because plaintiff had no right to demanded bonus payments: "the bonus clause unambiguously vests discretion regarding the amount of bonus compensation to be awarded in defendants' management"); *O'Grady v. BlueCrest Cap. Mgmt. LLP*, 646 Fed. Appx. 2, 4 (2d Cir. 2016) (holding that plaintiff's breach of contract claim was properly dismissed because (i) bonuses were discretionary and (ii) the employment agreement stated that plaintiff would not be eligible for any bonus if his employment had been terminated prior to any bonus being paid); *Arrouet v. Brown Bros. Harriman & Co.*, No. 02 CIV. 9061, 2005 WL 646111, at *4 (S.D.N.Y. Mar. 18, 2005) ("An employee cannot establish that an employer breached a contract to pay a particular amount of bonus compensation where the employer retains discretion regarding the amount of bonus compensation to be awarded.").  The fact that he received no bonus is simply not actionable.

Second, the Complaint pleads affirmatively that Sobel was terminated before receiving any bonus payment.  Compl. ¶ 16.  Thus, no breach exists.  *See, e.g.*, *O'Grady*, 646 Fed. Appx. at 4

(holding, *inter alia*, that contractual provision stating that employee must be current employee at the time of payment of bonus precluded breach of contract claim for bonus, so dismissal was proper); *Karmilowicz v. Hartford Fin. Svcs. Gp., Inc.*, 494 Fed. Appx. 153, 157 (2d Cir. 2012) (affirming dismissal; "the District Court was clearly correct to conclude that [plaintiff] could not state a claim for breach of contract" because, *inter alia,* the relevant contractual materials indicated that the "potential payments" at issue were unavailable to anyone no longer employed with defendant and stated that payments were discretionary).  Thus, the breach of contract fails for two independent reasons stated in the Complaint and the contract itself.

>   **B.**     **The Complaint Fails to State an Unjust Enrichment Claim**.

The unjust enrichment and breach of implied covenant of good faith and fair dealing claims warrant little analysis.  As set forth in the Complaint (and the employment agreement attached thereto as Exhibit A), any bonus is discretionary and will not be paid to ex-employees.  This ends the discussion, as quasi-contractual theories like unjust enrichment cannot exist when a contract covers the same subject matter: "it is an elementary principle of contract law that, where there exists an express contract for compensation, an action outside the contract will not lie." *Karmilowicz*, 494 Fed. Appx. at 158 (holding that district court correctly dismissed unjust enrichment claim for bonus compensation because contract existed on the issue) (quoting *Leibowitz v. Cornell Univ.,* 584 F.3d 487, 507 (2d Cir. 2009)); *Lee v. Kylin Mgmt. LLC*, No. 17-CV-7249, 2019 WL 3454665, at *5 (S.D.N.Y. July 31, 2019) (dismissing unjust enrichment claim for additional employment compensation because "the question of Lee's compensation is—as both sides agree—governed by two (if not three) agreements between Lee and Kylin"; "the existence of those agreements between the parties will prevent Lee's recovery pursuant to a claim of unjust enrichment") (citations and internal punctuation omitted).

4

Accordingly, the unjust enrichment claim must be dismissed because the Complaint expressly pleads that a contract covers the same subject matter.

### C.   The Complaint Fails to State a Claim for Breach of an Implied Covenant of Good Faith and Fair Dealing.

A claim for breach of an implied covenant will be "dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for the breach of an express provision of the underlying contract." *PrinceRidge Grp. LLC v. Oppidan, Inc.*, No. 11-CV-1460 (AJN), 2014 WL 11510256, at *8 (S.D.N.Y. Feb. 4, 2014), *aff'd*, 589 Fed. App'x 38 (2d Cir. 2015). That is unquestionably the case here.

Plaintiff's sole allegation in this regard is that "Defendants' actions in not paying Plaintiff the discretionary bonus that they told him that he had earned and would be paid violates the implicit obligation and covenant in every contract of good faith and fair dealing." Compl. ¶ 32. But as with unjust enrichment, a party cannot manufacture an implied-duty claim when the contract itself states that payment is discretionary and will be paid only to existing employees. "An employee has no enforceable right to compensation under a discretionary compensation or bonus plan and, accordingly, a forfeiture of such compensation **does not occasion a cause of action for breach of the implied covenant of good faith and fair dealing**." *Nikitovich v. O'Neal*, 836 N.Y.S.2d 34, 34-35 (1st Dep't 2007) (emphasis added).

In short, an implied covenant cannot modify the unambiguous terms of the employment agreement: "This bonus is discretionary and you must be an active employee at the time of any payout to receive payment." *See* Ex. A to Compl. The contract is the final word on this issue. "A discretionary bonus, is in fact, discretionary." *Bessemer Trust Co., N.A. v. Branin*, 498 F. Supp. 2d 632, 638 (S.D.N.Y. 2007).

It is no surprise that Courts routinely reject the motion that an implied duty can convert a discretionary option into an actionable covenant. *See, e.g.*, *O'Grady v. BlueCrest Capital Mgmt. LLP*, 111 F. Supp. 3d 494, 505 (S.D.N.Y. 2015), *aff'd*, 646 Fed. Appx. 2 (2d Cir. 2016) ("Plaintiff's [bonus- and severance-related] claims for breach of an implied covenant of good faith and fair dealing and his claim for an accounting meet the same fate. Neither can survive in the presence of O'Grady's breach of contract claim."); *Timian v. Johnson & Johnson*, No. 6:15-CV-06125, 2015 WL 6454766, at *9 (W.D.N.Y. Oct. 26, 2015) (dismissing implied covenant claim because even if defendant awarded restricted stock units knowing they would never vest due to a planned corporate sale, contractual documents stated that the sale would prevent vesting); *Barber*, 938 N.Y.S.2d 225 at *7 ("Barber had no contractual right to a 2009 bonus because it was discretionary. The implied covenant of good faith and fair dealing does not create a right for Barber to receive a non-discretionary bonus in 2009.").

Plaintiff's claim for breach of an implied duty of good faith and fair dealing must therefore be dismissed.

## III.   <u>REQUEST FOR RELIEF</u>

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety.  Because the Complaint affirmatively pleads facts that foreclose all causes of action, Defendants request that the Court dismiss Plaintiff's claims with prejudice.

Dated: September 12, 2019

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Troy S. Brown*
Troy S. Brown
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
troy.brown@morganlewis.com

Michael Banks (*pro hac vice forthcoming*)
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
michael.banks@morganlewis.com

Michelle Pector (*pro hac vice forthcoming*)
1000 Louisiana St., Suite 4000
Houston, TX 77002
(713) 890-5000
michelle.pector@morganlewis.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2019 a true and correct copy of the foregoing

instrument will be served on the following counsel of record:

Joseph Churgin
j.churgin@savadchurgin.com
SAVAD CHURGIN LLP
55 Old Turnpike Road, Suite 209
Nanuet, New York 10954

**ATTORNEY FOR PLAINTIFF**

*/s/ Troy S. Brown*
Troy S. Brown